UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TROY LYNN SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-648 JAR |
| | ) | |
| CHRIS KOSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, the Court will dismiss this action under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff has been adjudicated to be a sexually violent predator ("SVP") and is confined at the Missouri Department of Mental Health's Sex Offender Rehabilitation and Treatment Services ("SORTS") facility. Named as defendants are Mark Stringer, Director of the Department of Mental Health; Jay Englehart, Director of Treatment Services; and David Schmitt, COO of SORTS. Plaintiff seeks monetary and injunctive relief.

The Court has reviewed the allegations in the complaint as well as plaintiff's motion to compel a reply and its exhibits. The Court accepts the non-conclusory allegations as true. Plaintiff calls himself a Christian Disciple, and he asserts that his sincerely held religious beliefs prohibit him from participating in the psychological treatment provided at SORTS. He claims he may only receive religion-based treatment.

Plaintiff refuses to participate in any of the treatment options that are provided to all of the patients at SORTS, including group therapy or counseling. As a result, he has not progressed through the level system, in which cooperating patients receive increased freedoms and benefits as they achieve higher levels.

Plaintiff does not allege, however, that defendants have prevented him from practicing his faith outside of the treatment context. Plaintiff's exhibits show that SORTS provides religious accommodations for a number of faiths, including Christianity.

Plaintiff says he cannot be judged by "natural" persons, such as the psychiatrists at SORTS, because he is a "spiritual" person. For example he claims that "both psychology and psychiatry hold forth rejection of Christian Discipleship way, means, or worth and that so doing colors and/or jades their seeing the empirical evidence of healthy attitudes, and proper, timely, loving correction of others thru that persons heard spoke words and witnessed behaviors."

Plaintiff claims that defendants' requirement that he participate in psychological treatment constitutes "mental labor" prohibited by the Thirteenth Amendment to the Constitution, which prohibits "slavery [and] involuntary servitude." He seeks monetary damages.

**Discussion**

The complaint is legally frivolous. Plaintiff pled "guilty to sodomy in conjunction with his actions against his young daughter." *Spencer v. Blake*, No. 4:06-CV-106 FRB (E.D. Mo.). For this reason, he was adjudicated to be an SVP and has been confined to SORTS. The requirement that civilly committed persons under a psychological or psychiatric affliction be offered psychological treatment has never been compared to slavery or involuntary servitude. Moreover, plaintiff has not alleged that he has been forced to undergo treatment. He only alleges that he cannot advance through the level system because of his refusal to participate in regular psychological treatment, such as group therapy sessions.

Plaintiff has not stated a plausible claim for denial of his right to practice his religion. He does not allege that he is prohibited from practicing his religion outside of the treatment context. And his exhibits show that SORTS accommodates Christian religious practice.

Furthermore, defendants are entitled to qualified immunity. Qualified immunity "is an *immunity from suit* rather than merely a defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). "Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (en banc) (quotation omitted); *see Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C.

§ 1915(e)(2)(B) review). The tests for whether an officer is entitled to qualified immunity are: (1) whether the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). This Court may consider these in either order. *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010).

There are no non-conclusory allegations that show that defendants violated a *clearly established* federal right. The Supreme Court has not held that a civilly committed person can force the State to provide religious-based treatment in lieu of established psychological treatment. Nor has the Supreme Court held that a civilly-committed person who demonstrates only religious improvement, and not established psychological improvement, is entitled to release from confinement. Plaintiff cannot show that a reasonable person, in defendants' shoes, would have known that religious treatment is required under the Constitution. Therefore, defendants must be granted qualified immunity, and this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 16th day of June, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**